**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2285-17T3

L.C.,

     Plaintiff-Appellant,

v.

J.C.,

     Defendant-Respondent.

_____

Submitted January 23, 2019 – Decided February 8, 2019

Before Judges Fisher and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-0955-12.

Michael E. Damico, attorney for appellant.

Damiano Law Offices, attorneys for respondent (Toni Belford Damiano, of counsel and on the brief; Ruchika S. Hira, on the brief).

PER CURIAM

In this post-judgment dissolution matter, the motion judge entered an order on October 17, 2017, providing numerous items of relief. Plaintiff, the ex-husband[1], who was then self-represented, retained counsel, who represented him in the divorce proceedings, and filed a motion for reconsideration on November 6, 2017. The judge denied the reconsideration motion as procedurally deficient for not being filed within twenty days after service of the order, and found that plaintiff failed to specify the basis for his motion. We have considered plaintiff's contentions in light of the record and applicable law and we reverse.

The parties were divorced after seventeen years of marriage and have three unemancipated children. There is a litigious, post-judgment motion history between the parties including Division of Child Protection and Permanency involvement, college expenses for the oldest child, re-calculation of child support, and counsel fees. The October 17 order was entered following oral argument that day and given to the parties. The judge denied plaintiff's motion and granted defendant's cross-motion finding plaintiff to be in violation of litigant's rights, among other relief.

---

[1] We use initials in the caption to protect the privacy of the parties.

We first address plaintiff's argument that his reconsideration motion was filed within twenty days, <u>Rule</u> 4:49-2, utilizing the computational principles set forth in <u>Rule</u> 1:3-1:

> In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday . . . .

The reconsideration motion was filed on day twenty. Therefore, the judge erred in concluding that the reconsideration motion was procedurally deficient pursuant to <u>Rule</u> 4:49-2. We are not persuaded by defendant's argument that she was not served with the motion until November 14 because the motion was timely filed, and no prejudice has been shown.

We next address the second paragraph of the November 27 order that provides: "Further, [p]laintiff has failed to state with specificity the basis on which he is filing his motion for reconsideration, as required by <u>R.</u> 4:49-2." As is evident from the order, the judge provided no reasoning to support his conclusion contrary to <u>Rule</u> 1:7-4, which requires judges to include findings of facts and conclusions of law for each determination they make. Compliance with <u>Rule</u> 1:7-4 is crucial because "[m]eaningful appellate review is inhibited

3

unless the judge sets forth the reasons for his or her opinion"; appellate courts should not be "left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

This court has firmly established that "[n]aked conclusions are insufficient" and judges "must fully and specifically articulate findings of fact and conclusions of law." Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996) (citing R. 1:7-4). In short, a failure to comply with Rule 1:7-4 ordinarily results in remand. See Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (reversing and remanding a trial judge's child support award because it "failed to make the specific findings of fact necessary to sustain its decision regarding the amount" contained in the award). Here, we deem a remand necessary because no factual or legal findings were set forth in the November 27 order. In light of our remand, we do not need to address plaintiff's other arguments.

In summary, the November 27 order is reversed and the judge shall modify the order to provide that plaintiff timely filed his motion for reconsideration. We remand and direct the judge to comply with Rule 1:7-4 and provide a determination as to why he concluded that plaintiff failed to specify the basis for his reconsideration motion.

A-2285-17T3

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION